IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AMP MANAGEMENT, LLC, d/b/a
The Red Carpet Inn & Suites,

           Plaintiff,

vs.                                                          Case No. 06-4079-SAC

SCOTTSDALE INSURANCE COMPANY,

           Defendant.

MEMORANDUM AND ORDER

        This diversity case comes before the court on the court's order to plaintiff to show cause why defendant's motion to dismiss should not be considered as uncontested.

        On November 15, 2006, defendant filed a motion to dismiss the case based upon plaintiff's lack of capacity to sue, alleging that plaintiff had not registered to do business in the state of Kansas. No response to the motion to dismiss was filed. Accordingly, on February 2, 2007, in an abundance of caution, the court issued an order to plaintiff to show cause by February 12, 2007, why defendant's motion to dismiss should not be considered as uncontested. In lieu of responding to the court's show cause

order, plaintiff filed on February 12, 2007, an untimely response to defendant's motion to dismiss. That response alludes to an attached exhibit, but attaches none.[1]

The proper response to such a show cause order is an explanation why the party failed to file a timely response to the dispositive motion, meeting the excusable neglect standard in D.Kan. Rule 7.4. Here, plaintiff offers no basis for not filing a response or for failing to seek an extension of time in which to oppose defendant's motion. Accordingly, the court would be justified in ignoring plaintiff's untimely response and treating defendant's motion as uncontested. Nonetheless, the court will consider the plaintiff's untimely response and subject it to the standards and procedures governing motions to dismiss.

'[I]n deciding a motion to dismiss pursuant to Rule 12(b)(6), a court may look both to the complaint itself and to any documents attached as exhibits to the complaint." *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001)(citing Fed.R.Civ.P. 10(c); *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir.1991) (written documents attached to the complaint as exhibits are considered part of the complaint for consideration in a Rule

---

[1] Copies of the response were also mailed and faxed to the court. These responses contain the referenced exhibit but are not of record.

12(b)(6) motion)). Attached as an exhibit to defendant's motion to dismiss is a certificate dated November 14, 2006, from the Kansas Secretary of State which states that plaintiff is not registered to do business in Kansas as a foreign limited liability company and is not incorporated in Kansas. Dk. 10, Exh. A.

The court, in this diversity case, must apply Kansas law. That law provides:

> (a) A foreign corporation which is required to comply with the provisions of K.S.A. 17-7301 and 17-7302 and which has done business in this state without authority shall not maintain any action or special proceeding in this state, unless and until such corporation has been authorized to do business in this state and has paid to the state all taxes, fees and penalties which would have been due for the years or parts thereof during which it did business in this state without authority.

K.S.A. § 17-7307(a). Plaintiff does not dispute that it is a foreign corporation which is required to comply with the provisions of KSA §§ 17-7301 and 7302. Therefore, the court finds that under K.S.A. 17-7307(a), plaintiff lacks the capacity to bring claims in this court.

In response, defendant alleges that it has recently applied for registration in the State of Kansas as a foreign limited liability company and has received the original certified copy of its application from the Kansas Secretary of State's office.  No such application is included in the record, however, to support these allegations.  Accordingly, defendant's motion must be granted.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Dk. 10) is granted and that plaintiff's case is hereby dismissed without prejudice.

Dated this 28th day of February, 2007, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge